[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this petition for a writ of habeas corpus alleging that he was unfairly given a disciplinary report for "Security Risk Group Affiliation" while housed as an inmate at MacDougall Correctional Institution in October of 1998. He complains that he was not given sufficient information concerning the charge, that his advocate did not adequately present witnesses in his defense and that he was found guilty on the basis of race.
The complaint of his petition and testimony is that on Friday, September 25, 1998 about 9:20 PM he attempted to calm down two neighbors, George Gaibreth and Robert Graham who were engaged in a loud confrontation when Correctional Officer Committee came upon the scene and quelled the situation. On Sunday, September 27, 1998, that he attempted to assist the officer on duty to find his deaf cellmate by leaving his cell and looking for him. His complaint is that, by these two activities, on September 28, 1998 he and other black inmates were placed in segregation and that he was given the D.R. on October 7 18 and at a hearing subsequently on October 16, 1998 was found guilty.
Lt. Pearl Kelly testified that she works directly for the Commissinor with duties to move Security Risk Group members throughout the Correctional Facilities. She was familiar with Respondent's Exhibit A, which was the Disciplinary Report prepared for and issued to the petitioner as a result of an extensive investigation by way of interviews and viewing the videotapes concerning events on Friday, September 25, 1998 when there was a confrontation among a large group of inmates in the J-1 housing unit and an assault on Sunday. As a result of the confrontation, an assault on an inmate was carried out on Sunday, September 27, 1998. The petitioner was observed as a part of the group on Friday and observing the assault on Sunday. The unit CT Page 7093 contains a mixture of whites, blacks and Hispanics but the surveillance tapes revealed no white nor Hispanic involvement so that those blacks identified were placed in segregation which included the petitioner.
Both George Galbreth and Robert Graham were called as witnesses in the habeas hearing by the petitioner and both said they were familiar with the incidents depicted in Respondent'sExhibit A. They were also familiar with petitioner's advocate, Counselor Wilson, and both testified that Wilson did not interview them about the petitioner's involvement in the events. Graham also testified that he knows petitioner's cellmate, Techer, and knows that he is deaf.
The parties agreed that the officers on duty the night of September 27, 1998 were Jim Savano and Correctional Officer Winborn who swapped with the officer assigned that night. It is the testimony of the petitioner that one of these officers had authorized his search for Techer on Sunday, his reason for roaming the unit.
The respondent, for security reasons, has offered only to the court a compilation of interviews made during the investigation with the names redacted which the court has accepted, sealed and marked as Court's Exhibit I. This investigation depicts a far more substantial gathering of inmates than testified by the petitioner as simply a verbal confrontation of two neighboring inmates. Likewise the context of the argument involved rival group reaction. The goal finally arrived at was the assault on an alleged rumor monger. During the presentation of his case before this court the petitioner was less than truthful and posturing for the protection of his Constitutional due process rights.
The petitioner has failed to demonstrate that he was unfairly treated. Fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Superintendent v.Hill, 472 U.S. 445, 456.
For the above reasons the petition is denied.
Corrigan, JTR